**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSEPH SAUL STEWARD,

      Plaintiff,

v.                                                                  No. 24-cv-0798-MIS-KK

DOUG BOWMAN, *et al.*,

      Defendants.


**<u>ORDER DIRECTING AMENDMENT</u>**

THIS MATTER comes before the Court on Joseph Saul Steward's prisoner claims. Steward is incarcerated and proceeding *pro se*.   His opening pleading appears on the 42 U.S.C. § 1983 form and purports to raise "longstanding" wrongdoing by various officials in Curry County, New Mexico.   *See* ECF No. 1 at 2-4.   The opening pleading references various physical ailments and criminal cases dating back to 1994.   *Id.*   After submitting that pleading, Steward filed at least 27 amendments, supplements, letters, motions, and notices containing evidence.   *See* ECF Nos. 4-7, 10-12, 19-25, 27-40.   The submissions address a variety of topics including Steward's last will and testament; a state collection action against him; and his New Mexico criminal proceedings.

"It is not the role of . . . the Court . . . to sort through a . . . complaint and voluminous exhibits . . . to construct [the movant's] causes of action."   *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014).   *See Glenn v. First Nat'l Bank in Grand Junction*, 868 F.2d 368, 371 (10th Cir. 1989) ("The law recognizes a significant difference between notice pleading and 'shotgun' pleading.").   Piecemeal submissions violate Fed. R. Civ. P. 8(a), which requires movants to submit a short, plain statement setting forth the grounds for relief.   *See Monument*

*Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir.

1998) (The purpose of Rule 8 "is to give opposing parties fair notice of the basis of the claim

against them so that they may respond to the complaint, and to apprise the court of sufficient

allegations to allow it to conclude, if the allegations are proved, that the claimant has a legal right

to relief.") (quotations omitted).   Consistent with these authorities, the Court declines to conduct

an initial review of the current filings and will strike all pending pleadings, motions, and

supplements (ECF Nos. 1, 4-7, 10-12, 19-25, 27-40) without prejudice.

Steward may file a single, amended pleading within thirty (30) days of entry of this Order.

The single amendment shall not exceed 30 pages in length.   If Steward seeks money damages

based on a civil rights violation, he should file a 42 U.S.C. § 1983 complaint.   *See Preiser v.*

*Rodriguez*, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner

who is making a constitutional challenge to the conditions of his prison life").   Any civil

"complaint must make clear exactly *who* is alleged to have done *what* to *whom,* to provide each

individual with fair notice as to the basis of the claims against him or her, as distinguished from

collective allegations."   *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis

in original).   If Steward seeks to challenge his criminal conviction, he should file a habeas corpus

petition.   *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (habeas corpus is the sole federal

remedy when a state prisoner seeks relief that "would necessarily demonstrate the invalidity of

confinement or" conviction).   Any amended complaint or habeas petition must be legible;

describe the factual basis for the claims; and contain a clear request for relief.

Steward is finally reminded that he must elect a single remedy in this case (*i.e.,* civil relief

under 42 U.S.C. § 1983 or habeas corpus relief).   The Court will not consider habeas claims

alongside 42 U.S.C. § 1983 civil rights claims in the same case.  *See Hamilton v. Bird*, 650 F. App'x 585, 588 (10th Cir. 2016) ("Because [the inmate] may not pursue civil rights and habeas claims in the same action, the district court opened a new case to address" the second pleading); *Aigbekaen v. United States*, Civil Action No. 23-cv-01226-KLM, 2023 WL 11862185, at *3 (D. Colo. May 18, 2023) (prisoners "may not assert habeas corpus claims and civil rights claims in the same action").  If Steward fails to timely file a single, amended pleading as directed, or if he continues to file piecemeal submissions that violate the above instructions, the Court may dismiss this case without further notice.

     **IT IS ORDERED** that the Court **STRIKES** the following piecemeal pleadings: **ECF Nos. 1, 4-7, 10-12, 19-25, 27-40**.

     **IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Steward must file a single amended pleading that complies with the above instructions.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE